IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE REYES,           ) | |
|     Plaintiff,        ) | |
|                       ) | CIVIL ACTION |
|     v.                ) | NO. 09-cv-5288 |
|                       ) | |
| CITY OF PHILADELPHIA, et. al., ) | |
|     Defendant.        ) | |

## SCHEDULING ORDER

**AND NOW**, this 23rd day of December, 2009, after conference with counsel, the Court hereby enters the following Scheduling Order to govern further proceedings in this case:

1. The parties, through counsel, shall report to the Court in writing with respect to whether the case is settled on or before **January 23, 2010**. In the event the case is not settled, counsel shall include in their joint report a statement as to whether they believe a settlement conference before a magistrate judge, mediation under Local Civil Rule 53.3 [a copy of which is attached hereto as Attachment A] and the Mediation Protocol Under Local Civil Rule 53.3, or some other form of alternative dispute resolution might be of assistance in resolving the case and, if so, on what form of alternative dispute resolution they agree and by what date they will be prepared to commence such proceedings.

2. Fact discovery shall be completed on or before **April 26, 2010**.

3. All motions for summary judgment and partial summary judgment shall be filed on or before **May 26, 2010**. The parties shall conform their motions and any responses, replies, or sur-replies to the form and schedule outlined in Attachment B.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

**Attachment A**

**LOCAL RULE OF CIVIL PROCEDURE 53.3:**
**ALTERNATIVE DISPUTE RESOLUTION**

1. Litigants in all civil actions, exempting only social security appeals, pro se prisoner civil rights actions, and petitions for habeas corpus, shall be required to consider the use of an alternative dispute resolution process (the "ADR process") at an appropriate stage in the litigation.
2. ADR processes may include mediation and settlement conferences and such other ADR processes as the judge to whom the case is assigned (the "assigned judge") may designate.
3. All ADR processes subject to this Rule shall be confidential, and disclosure by any person of confidential dispute resolution communications is prohibited unless confidentiality has been waived by all participants in the ADR process, or disclosure is ordered by the assigned judge for good cause shown.
4. Nothing in the Rule shall be construed to limit the assigned judge from (a) conducting settlement conferences or referring a matter to a magistrate judge for a settlement conference, or (b) ordering the litigants to participate in an ADR process, or (c) approving or disapproving of an ADR process selected by the litigants.
5. The Alternative Dispute Resolution ("ADR") Committee of the court shall administer, oversee, and evaluate the court's ADR program in accordance with the Alternative Dispute Resolution Act of 1998. The Clerk of Court, or such other person as may be designated from time to time by the Chief Judge, shall serve as the ADR coordinator. Under the direction of the ADR committee, the coordinator shall administer a program for recruitment, screening and training of attorneys to serve as neutrals.
6. The Rule is intended to be flexible so as to permit the court to adopt, from time to time, guidelines and policies for the administration of the ADR program. The procedures promulgated by the court for the implementation of the ADR program shall be maintained on file in the office of the Clerk.
7. Nothing in the Rule shall be construed to amend or modify the provisions of Local Civil Rule 53.2 (compulsory and voluntary arbitration with right of trial *de novo*). Local Civil Rule 53.2.1 (compulsory mediation) is repealed by separate order.

Explanatory Note

The Rule is intended to implement the provisions of the Alternative Dispute Resolution Act of 1998 and to demonstrate the long-standing commitment of the court and its bar to non-binding alternative dispute resolution, without, however, limiting the authority and discretion of the assigned judge. Certain civil actions are exempted from the Rule as cases not appropriate for ADR process pursuant to the Alternative Dispute Resolution Act of 1998.

Effective July 1, 2003

**Attachment B**

**Judge Rufe's Required Procedure on Summary
Judgment for Those Moving under Rule 56(b)**

1. **Initial Filing of Moving Party**: A party referred to in Rule 56(b) and moving under Rule 56(b) may move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion shall:

    (1) identify in outline form the issue(s) and/or sub-issue(s) as to which the Motion is directed;
    (2) provide a separate, short and concise Statement of Stipulated Material Facts, as described below;
    (3) affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis to support the issues so identified; and
    (4) request judgment as provided in Rule 56(c).

    The initial filing by the moving party generally should not exceed five (5) double-spaced, type-written pages, excluding the Statement of Stipulated Material Facts.

    *No later than fourteen (14) days prior to the case dispositive motion deadline outlined in the Court's scheduling order, the parties shall meet and confer as to the facts material to the case. The initial filing of the moving party must include a short and concise Statement of Stipulated Material Facts, which sets forth, in numbered paragraphs, the material facts that the parties agree are not in dispute. Only the facts that bear on material issues shall be included.*

2. **Response of Non-Moving Party**: The non-moving party may file a Response within twenty-one (21) days after the Motion for Summary Judgment is served. The Response, subject to the provisions of Rule 56(e) and (f), shall be supported with affidavits, depositions, documents or other evidence permitted by those provisions. Where applicable, references to such evidence must include specific citations to exhibit, page, and line number. The Response may not exceed twenty-five (25) pages.

3. **Reply of Moving Party**: The movant shall file a Reply as permitted by Rule 56(c). Such a Reply must be filed not later than fourteen (14) days after receipt of the Response from the non-moving party. The Reply must specify the relevant exhibit, page, and line numbers when referring to the record. The Reply may not exceed twenty-five (25) pages.

4. **Sur-Reply of Non-Moving Party (Optional)**: The non-moving party may, within seven (7) days after the Reply is received, file a Sur-reply to the Reply described in paragraph 3 above. The Sur-reply must specify the relevant exhibit, page, and line numbers when referring to the record. The Sur-reply may not exceed ten (10) pages.

*The purpose of this procedure is to encourage the parties in their dispositive motion to track the natural order of trial where the plaintiff sets forth its cause and the defendant then responds.*